UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Criminal H-04-517 |
| | § | (Ancillary Civil Action H-07-3172) |
| Adeshina Olanrewaju Lawal, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Remand

1.   *Background.*

In January of 2006, a jury convicted Adeshina Olanrewaju Lawal of one count of attempted bank fraud and another of possessing forged securities. Nine days after his conviction, Lawal moved for another trial and to fire his appointed counsel, Frank Svetlik. Both motions were denied, and after Lawal was sentenced, the court excused Svetlik. Three days later, Lawal appealed, and Robert Fickman was appointed as his counsel.

In September of 2007, the appellate court affirmed Lawal's sentence, saying this court did not err in its jury instruction of entrapment or in enhancing his sentence for his obstructing justice.

Twenty days later, Lawal moved to vacate the judgment or reduce his sentence. It was denied. Lawal appealed that denial, saying this court erred in its sentencing, admitting photographs from an illegal search, and other constitutional claims.

In May of 2008, the court of appeals denied certifying most of Lawal's claims, except whether his trial and appellate counsel were ineffective. Before reviewing the trial record, it remanded the case for findings from the district court.

2.   *Counsel.*

The court will apply the record to Lawal's claim of ineffective counsel at trial and on appeal. To prevail on his claim, Lawal must show that his counsel was deficient and that deficiency caused an omission to harm his defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

A.     *Trial.*

Lawal says that Svetlik was incompetent in criminal law because when the prosecutor admitted that he did not subpoena records to disprove that an envelope with the forged check was mailed through Federal Express, Svetlik did nothing to emphasize that error or produce the records. Svetlik's decision to not get the records does not demonstrate incompetency; it is tactical purpose over triumph. More important, the record was unhelpful to his defense because the check left Lawal and was returned to Lawal because he had presented it changed. Lawal did not furnish one fact from Svetlik's omission that would have materially changed the trial.

Lawal next says Svetlik impaired his defense because his counsel did not strike four jurors who had been victims of bank fraud. Because Svetlik has practiced for years, he understood that no perfect jury exists, especially having one without a victim of fraud. Either way, the court instructed the jurors not to consider their experience or those of their friends and relatives who have been defrauded when reaching their verdict.

Finally, Lawal says Svetlik complained about not being paid enough to establish his defense. Lawal says that because Svetlik did not investigate someone named Collins -- whom he says would have corroborated his defense -- Svetlik did not prepare for trial. Svetlik is competent enough to determine whether investigating Collins would have supported Lawal's innocence. Because Svetlik thought that an investigation of Collins would be an unnecessary cost without benefit, it cannot be implied that Svetlik's strategy correlated to being unprepared. In essence, because Lawal did not identify an act of Svetlik's presentation of his case that was objectively wrong and probably caused an adverse verdict, his claim was denied.

B.     *Appellate.*

Lawal first says that because Robert Fickman did not raise all issues on appeal, he was ineffective. As counsel, Fickman has the competence and authority to choose what to argue on appeal, not the client. Just because Lawal did not agree with Fickman's strategies, it does not mean that they were wrong; after all, Fickman's decision to not be a rubber stamp to Lawal's whims and desires is responsible, not unreasonable.

Lawal's other complaints of Fickman's poor investigation of Svetlik's incompetence are also unsubstantiated by the record. He ordered and read all transcripts about Lawal's defense, including his initial appearances before the magistrate judge, hearings, jury trial, and sentencing. Fickman only presented plausible claims for Lawal on appeal.

Lawal also says because Fickman did not respond to the government's brief by supplementation, his defense was harmed. Lawal does not indicate how he was harmed.

Instead of allowing Fickman to decide what appellate motions to file, Lawal filed his own that were rejected by the court. The court advised Lawal that it would forward those motions to his attorney "for whatever action he deems necessary," underpinning the tactical role of his attorney. The court of appeals got some perspective on Lawal's claim and approach to being a client when Lawal filed those motions.

3.   *Nothing New.*

Lawal never complained about either Svetlik and Fickman as his counsel during the trial or on appeal. He only began complaining about Svetlik after the jury read its verdict and after this court sentenced him. The court of appeals found nothing wrong with Svetlik's defense of Lawal; that finding alone moots all future complaints by Lawal about his trial counsel. Lawal's claim against Svetlik is not *sub judice*.

Lawal's complaints about Fickman arose only after the appellate court had affirmed his sentence. The twenty-day gap between affirmation and Lawal's motion to vacate reveals that Lawal learned nothing new before he had moved. He had no new facts about his counsel. Lawal has never told the court what establishing fact that either of his counsel had omitted that would have materially changed the outcome.

4.   *Conclusion.*

The record evinces performance by the court, prosecutor, and defense counsel that exceeded the constitutional minimum at each stage for Lawal. Because there was nothing legally justifiable, factually supportable, or even plausible in Adeshina Olanrewaju Lawal's motion to vacate, his sentence will remain unchanged.

Signed on September 4, 2009, at Houston, Texas.

Lynn N. Hughes
United States District Judge